Our next case for argument is 24-2159, Archroma v. Commerce. Mr. Long, please proceed. May it please the Court, Commerce's notice of intent to participate is a straightforward, lawful exercise of discretion setting the procedural requirements to participate in a sunset review. Everyone here agrees that the burden is minimal, this does not create a substantive condition or limitation on who could participate, and it's also clearly established that Commerce has discretion to set these sorts of procedural rules, both as an inherent matter and also pursuant to 19 U.S.C. 3513a.2. This satisfies the requirement in Loper-Bright and this Court's en banc decision in Lesko, Congress has accorded some discretion to Commerce. The question then becomes whether Commerce engaged in reasoned decision-making within the bounds of its delegated authority. Commerce's reasoning in creating the notice of intent requirement is set forth in the Federal Register Notice of the Interim Final Rule, which we quote at page 17 of our reply. It's at 63 Federal Register 13517. Commerce stated that the purpose is to alleviate the burden on parties of having to prepare substantive responses in cases where there is no domestic party interest in a sunset review or in the continuation of an order. That's consistent with the overall intent of the sunset review process spelled out at 19 U.S.C. 1675c. That process is designed to eliminate needless review for the statement of administrative action that we've quoted at pages 5 to 6 of our administrative brief. I look forward to your questions. The CIT opinion here, can we agree with his interpretation as to what no response means in the statute and still say that Commerce had authority to impose this notice of intent or do we have to say that that statutory analysis is incorrect? Your Honor, I think you need to find that the statutory analysis is incorrect with specific respect to the notice of intent to participate. The no response analysis applies to the lack of a substantive response under 1675c.3. And so, as I understand the Court of International Trade's analysis, the point was that domestic interested parties must be given the opportunity to submit that substantive response. Our point is that the imposition of the notice of intent to participate requirement, predicate to submission of that substantive response, is a lawful procedural mechanism that Commerce has created to streamline sunset reviews. I think that's responsive to your question. Thank you. Counsel, is your reading of the statute is that no response to the notice of initiation is the only way Commerce can bypass its review process and revoke an order in this type of case? So, that's right. So, no response to the notice of initiation is the only way that Commerce, well, there are other ways, but for purposes of what's going on here. It is the lack of a substantive response that justifies revocation of the order. The reason there is no substantive response on the record of these two proceedings is that our CORROMA was not permitted to submit one because it had not, within the 15 days, submitted a notice of intent to participate. So, the regulation is clear that if a domestic party has not submitted the notice of intent to participate, any attempted substantive response by that party will be rejected. And that's in 19 CFR 3551-218-D1. It says that if the domestic interest party, no notice of intent to participate, no substantive response. And then, because no substantive response, order will be revoked because there's a lack of interest from domestic industry in continuation of the order. There's one place that I noticed that your brief differed a little bit from the intervener brief, and that is whether the notice of intent can be viewed as substantively responding to 1675's requirements under Parts C-2A. You didn't, I shouldn't say it's different from, you didn't take a position, whereas they did, and I'm wondering if the government does have a position about that. So, our view, Your Honor, I don't know that we have a position. We declined to take the position. You're absolutely correct, obviously. I would point the court for its consideration to 35, the regulation 351-218-D3, which lists the material that must be included in a substantive response. And that regulation, what must be included, pretty closely tracks the statutory requirements that you see in 1675-D, A through C. And so, clearly, the substantive response, as required in the regulations, as laid out in the regulations, requires submission of the information, including interested party, willingness to participate, things like that. That has to be in the substantive response. And so, that seems like the place where that information must be proprieted. And I notice, I'll note also, Your Honor, with respect to that argument, the notice of intending to participate is different from a willingness to provide information, I think, if you look at the distinction between the statute and the notice of intent to participate requirement. And so, it's at least conceptually possible, although probably practically unlikely, that a domestic interested party be willing to participate, or interested in participating, but not willing to provide information in response to commerce's requests. Whether that really, as I said, has a much real-world impact, I do think there's a difference in the language there, in what's being sought from the notice of intent to participate, versus what must be included in the substantive response. So, I assume that your main argument is that this notice of intent regulation is a fill-up-the-details sort of LESCO authorization, or the Loeb or Bright authorization. Yes, that's right. And it is a reasonable exercise of that discretionary authority, procedural authority. If we look at 351218D1II, it lists what's required here. And as we've pointed out in our briefs, it's very, it's minimal. It's the name of the domestic interested party. It's their counsel. It's the basis for interested party status, which is sort of a basic requirement of demonstrating that you are interested. It requires so little that it is, it cannot be viewed as a substantive limitation. So, in some ways, I think, you know, even if we were to look at, for example, the dissent in LESCO, I think there's at least some recognition there that procedural requirements are within, can be, I'm not saying the dissent makes a blanket statement, but can be within an agency's authority. And this is that sort of procedural requirement akin to setting a deadline for submission of responses, things like that. The 30-day deadline for the statutory filing is also not in the statute, I believe. That's right. Is that the very same authority being exercised in setting that, what I take to be an unchallenged deadline here? So, yes, our point is that there is an inherent procedural authority under Vermont Yankee in cases like that, and that there's also an implementing authority in the Uruguay Around Agreements Act. That same path, I think, gets you to a 30-day deadline, just like it gets you to this notice of intent to participate. Given, again, and, you know, I'll continue stressing this, the very limited nature of this procedural filing. Well, the 30-day deadline doesn't feel dramatically different to me from the LESCO writing requirement. Commerce was given procedural authority, right, expressly by Congress. But I'm just wondering if this notice, this interim notice provision is just a different animal altogether. Like what the statute expressly requires the substantive response, which is what you all require at the 30-day point. And I'm just, I'm just not sure what, what the, where the 15-day rule comes from. So, if you look in. If you're going to tell me it's within Congress's same statutory authority, is that right? Like, do you think, I guess I'm trying to get you to say that the 15-day rule is part of the substantive requirement, substantive response. Well, to me, it differs from LESCO in the sense of that is setting forth how you, how you possess a substantive right to overtime. This is more a matter of an agency setting up, you know, an administrative procedure that is different from affecting how you get the substantive right. I think it comes short of that. So, in LESCO, the writing requirement was a component of the very thing that Congress authorized via statute you to do. And here, that would be the very thing that has been authorized by statute is the requirement of a substantive response, right? Yes, yes. The statute says you have to solicit the substantive response, but I think it's fair to infer that that means that Congress has to accept it. So, yes, I agree with that. I mean, that's why the 30 days for that feels on brand with LESCO, to use the kids slang, you know, because it's kind of like the writing requirement. Whereas the 15 day, sticking with my slang, is a little more sus. So, I suppose I see a distinction, Your Honor, you may not agree. I view it as not sus because it is a procedural mechanism as opposed to sort of a predicate for a component of the substantive right, like you have the substantive right to overtime if you've obtained a writing that you can show and makes you eligible. Whereas this is something that is a way of sort of, you know, corralling people along to exercise your substantive right, which is to advocate for continuation of an anti-dumping duty order. So, I guess that's the distinction I'm seeing. I understand where you're coming from. I will say that if we're going to go that route, I would point the court again to Commerce's explanation of why it has this 15 day requirement, which is in the Federal Register when it promulgated the interim final rule. And the purpose is that all parties, including respondents, so foreign parties, have to submit the substantive response within 30 days. And so this 15 day requirement helps respondent parties and everyone else understand whether there's enough interest that there's actually going to be a sunset review. And so that's the reason decision making that we point to is a basis for having the 15 day requirement. Again, it's roughly a single page form. That way, you know, foreign interested parties have an understanding that, yeah, they better get going and be ready to submit to a full sunset review, including submitting a substantive response. But then also there are activities that go, you know, foul well beyond that once Commerce really gets going. In this particular instance, do you believe that the statutory language is ambiguous, such that we do want to go ahead and look into legislative history and the like? So with respect to legislative history, I'll say that this is a little bit of a different situation than we see sometimes because the statement of administrative action is by statute a conclusive statement of Congress's intent. And so I think that makes it a little bit different from maybe some ambiguity situations. That said, we don't view this as ambiguous. We view this language as allowing, without ambiguity, Commerce to set, as I've said, these sorts of procedural requirements in order to track things along in these situations. In that regard, you'd track right on with LESCO, right? Like you'd say that LESCO didn't speak to a writing requirement, so it was a fill the gap. Yes. Fill in the details scenario. Yes. Maintaining what I've said about this notion of substance versus procedure, which could get squishy in the middle, but I don't think is squishy in this case. But yes. Right. OK. We'll take the rest of your time for rebuttal. Thank you. May it please the court, Tatiana Sinati for the appellee. Thank you for this opportunity. This case requires the court to determine the best reading of section 1675C of the Tariff Act of 1930 as amended in 1994, which establishes the procedural and basic substantive rules Commerce must follow in initiating and conducting sunset reviews of anti-dumping and countervailing duty orders. Sunset reviews are an important aspect of tariff laws that govern anti-dumping and countervailing duties because they allow orders to remain in place for additional five-year periods when necessary to protect domestic industries from unfair foreign trade practices. You have a problem with the government's 30-day requirement for the substantive response? No, Your Honor. And you agree that that falls within the government's procedural grant of authority? Correct, Your Honor. Yes. So what is the problem then with the 15-day notice requirement? The problem is it's precluded by the statutory text. So the statute doesn't speak to a deadline at all. I think if the statute said domestic interested parties will have 45 days to provide the substantive information required, there would be no dispute that Commerce couldn't then say, guess what? We're only giving you 30 days because Congress would have spoken directly to that issue. That's what happened here. Congress spoke directly to the issue of the circumstances in which Commerce can decide to revoke a sunsetting order without further review. And those circumstances are exclusively circumstances in which they haven't responded to the notice of initiation with the substantive requirements provided in C-2. What if Congress's substantive response regulation required everything in 15 days? That would be fine. It would be fine? So they could require a full substantive response in 15 days, but they can't require a placeholder? Yes, correct. Because Congress has said you can only deem there to have been no response to a notice of initiation if no domestic interested party has provided the information required in C-2A through C. I don't see how you get around the writing requirement concept. Like in LESCO, the same thing. The statute was silent as to form, but we nonetheless said given that there had been a delegation of procedural rulemaking, fill the details type of grant of power, that you were allowed to implement a writing requirement even though the statute itself did not require a writing requirement. I would say there hasn't been a full delegation of procedural rulemaking authority in the statutory provision, and I think it's noteworthy that Commerce keeps pointing to Section 3513, not to Section 1675 to talk about the limits and extent of its discretion to impose these  In this case, and there's no dispute that 1675 establishes the procedural rules Commerce has to follow, and those procedural rules require Commerce to solicit three categories of information from domestic interested parties, and it's only if they've solicited that information and do not receive it that they can say we are going to deem no domestic interested party and revoke an order without a further review. What is your response to our case, the MS International case? Are you familiar with that case? Yes, I am familiar with that case. Do you want to bring purported distinction to our attention? Yes, okay, I have read it. So this is distinct because in that case there was a true statutory gap. There was no deadline at all imposed in the statute, and so Commerce acted within the scope of its discretionary authority to impose a reasonable deadline. Here we say there is no gap in terms of when the statute allows Commerce to decide. To a notice of initiation under 1675 C2, Congress has explicitly spelled out exactly when there can be no response. Congress, unless I'm missing something, said 90 days is the measurement of whether there's been no response, correct? Congress said that Commerce has 90 days after the publication of the notice of initiation to decide, yes, whether there has been no response. And then to the 30 days for interested parties to make a substantive statutory response, that's Commerce's creation, not Congress, correct? Yes, Commerce has created the 30-day deadline. So what, in your view, allows Commerce to do that? Because I think you've acknowledged Commerce can do that. What is it that allows them to do that but doesn't permit them to do this lesser procedural requirement after 15 days? Well, I would say that the 90 days is a distinct deadline that has been imposed by Congress on the agency. So if the agency says we need, you know, 30 days to receive the responses and then I don't know what they do for the remaining 60 days before saying we haven't received one, so we're going to revoke, that's acceptable. But what Congress has specifically foreclosed is saying you can institute a new mechanism for determining whether or not there has been a response to the notice of initiation at all. Is there something in the statute that forecloses that or you just want me to read that prohibition into the fact of what looks like silence to me on this point? Well, I think the parties might agree that the statute is unambiguous, but we disagree on what it unambiguously provides. And I would say that when you read 1675 C-2 and C-3 together, it's obvious that no response to the notice of initiation under this subsection, so that's the specific text from C-3A, means no answer to the solicitation for the substantive content that C-2A to C instructs the agency to seek. So that's where the explicit prohibition comes in. Now, do you necessarily preclude the idea that under 1675 Congress could request that C-2 be fulfilled in a two-step process? Do you reject that idea? Like, for example, the Part A, a statement of willingness to participate, they could say, OK, you've got to do the statement of willingness to participate within 15 days, and then you have to provide all the other detail in B and C within 30 days. I think that would work, and it's a really interesting question, I believe, because Commerce—excuse me, I keep mixing up Commerce and Congress in my head. Congress specifically spoke to this in C-3B, right? So what Congress said in C-3B is if you get an inadequate response to the notice of initiation, if you only get some of the information that you requested in C-2A, you still have to do a review. You can limit it to facts available, you can limit it to just what you've actually received from the parties, but you still have to do some review. So if we tease that out and say, OK, let's say the notice of intent is just part of the information requested under C-2A to C, and they didn't receive that part of the information but received everything else, they'd still have to conduct a review. I appreciate that response. I took that as a yes, Commerce could do that. The two-step process to break up the requirements of the statutory substantive response. But since you're here arguing about this, I take it you see some material difference between the statutory C-2A requirement and the regulatory D-1 requirement. What is that difference? Well, the regulation itself and Commerce itself does delineate those as distinct requirements, so I don't think there is any actual argument that the notice of initiation requirement is a piece of that substantive. I understand it's a different piece of paper, but is it somehow some different information? It is different information, yes. It's seeking different information than the specific categories required. But I don't think that is as relevant as the fact that even if it was a piece of C-2A to C, the statute still requires Commerce to afford domestic interested parties the opportunity to respond to all three categories of information and still requires Commerce to undertake at least some review even if they get an imperfect, inadequate, or incomplete response. Would imposing the 15-day procedural deadline here help with the purpose of eliminating needless reviews? Well, I think that's another great question. Possibly, maybe, but in this case, Commerce asserts that's exactly why they need to have this. It's reasonable because we need it to eliminate needless reviews. Congress has already spoken to exactly that issue. Congress has already said to eliminate needless reviews, we are requiring you, Commerce, to allow domestic interested parties the opportunity to provide these three categories of information. And in doing that, Congress very carefully balanced the interests of domestic interested parties. So again, referring back to the statement of administrative authority, when the United States agreed to have sunset reviews at all, they said we'll do it provided that we are not in any meaningful way reducing the rights that are available to our domestic industries. And to make sure we're not doing that, we're going to make sure domestic industries have an opportunity to be heard before we revoke an anti-duty or countervailing duty order that's been in place for five years. But to balance that against the need for needless reviews, we'll give them, you know, we'll require them to put forward some information. So what Commerce has done is come in and reorient, shift that balance that Congress already contemplated and struck by saying, no, we actually think that our interest in eliminating needless reviews is more important than anything Congress might have put into place. And so we're going to shift it around a little bit. So it seems like at bottom, you contend that there really is some type of conflict between this 15-day requirement and what the statute's saying. I'm thinking it's also, Commerce is just riding on silence, potentially, more analogous to what was happening in MS International. Could you just further explain to me where you're seeing the kind of conflict? The actual, sure. Okay, so I think if you look at the actual language of the statute itself, and this, maybe it's also important to back up just a step. So if you look at what, and this is appendix 252, it's also on page 13 of the opening brief of Commerce. What Commerce said when they revoked this order is, because no domestic interested party filed a timely notice of intent to participate, we conclude no domestic interested party has responded to the notice of initiation under 19 U.S.C. section 1675 C3A. Which page were you reading from? Sorry, that is a quotation from Commerce's revocation order. That's on page 13 of Commerce's opening brief. Then if you look at the statute itself, so they say, we have decided that no domestic interested party has responded to the notice of initiation. If you look at the statute, C3A describes the situation of no response. So Congress has spelled out when there is no response, and that's if no interested party responds to the notice of initiation under this subsection. Under the subsection means under subsection 1675 C, so that must mean no response to the notice of initiation seeking what 1675 C2 directs Commerce to seek, those three categories of information. And it is, I think, important and relevant that Commerce does separately seek that substantive statutory response subject to a different regulatory time frame, and there's no dispute our CROMA met that statutory deadline and provided all of the information required by statute. So it is simply inconsistent with the statutory text to say there has been no response under section 1675 C3A. Further? Okay. If there's nothing else, all right. Thank you, Your Honors. I think the key here is my friend's concession that Commerce could have set a 15-day requirement for substantive responses. So the point there being that Commerce is able to sort of superintend this process in a way that maximizes efficiency, and having domestic interested parties submit this notice of intent to participate within 15 days and then giving everyone 30 days for the substantive response is completely consistent with the sort of procedural discretion that I've been advocating Commerce possesses. And for that reason, again, we don't view there as a conflict with the statute, but rather that this is a procedural predicate to then submitting, responding to the notice of initiation. But in this case, there's no doubt that they submitted a fulsome response within the 30-day window, is that correct? They attempted to. It was rejected, but yes, they attempted to. And so, and ultimately, what Commerce determined here was that no response, which I think she's technically right, is 1675C3A is the determination that was rendered. Is that correct? That's right, Your Honor. So that says if no interested party responds to the notice of initiation under this subsection, which has to be 1675C, right? The administering authority shall issue a final determination within 90 days revoking the order or terminating the suspension to which such notice relates. So your contention is that the no response is the no response to the 15-day placeholder? So because the attempted substantive response was rejected from the record, no substantive response was submitted, and the reason why that wasn't permitted I need to know whether your conclusion that there's no response is because of their failure to put a placeholder in at the 15-day point. Yes, because they did not put in that placeholder, they were not then allowed to submit the substantive response that they tried to submit. It was rejected due to the lack of the placeholder. So Commerce did find that no domestic interested party responded to the notice of initiation. The reason it found that is because the attempted substantive response had been rejected from the record due to the absence of the notice of intent to participate. Just want to make sure I'm clear I follow. So at A252, which is also page 13 that your friend referred us to, when Commerce said we got no notice of no response under the statute, what they really were saying, you're telling us, is we got no notice under the statute because we rejected the one that we received because it was untimely for failing to comply with our regulatory notice. That's right. We should read into that? That's correct, Your Honor, and with respect to that point that they did attempt to submit this within 30 days, there's a follow-on point that we haven't really gotten into that having set this 15-day notice of intent requirement, Commerce should be allowed to enforce it because otherwise parties won't see a need to comply with it. And because it is a lawful exercise discretion to set the requirement, Commerce is then able to reject untimely attempted submissions subject to an extraordinary circumstances out-of-time filing requirement, which our criminal does not contend it meets. So in LESCO, we held that officially ordered or approved It was not entirely clear what that meant. Here, hasn't Congress defined what a response must be? So... So Congress says response has to meet A, B, and C? Well, Commerce has to solicit A, B, and C, and C is a catch-all, so Commerce is able to solicit more than just what's listed here. But to your earlier question, Your Honor, our contention is that that is solicited in the substantive response, as part of the substantive response. And so the notice of initiation is something that precedes that. Does that answer your question? I'm not sure it does. Are you suggesting that the 15-day regulatory notice is an exercise of Commerce's authority under C, 2, C, as such other information? So no, that does go to Judge Moore's earlier question. That has been the defendant intervener's assertion. We have not made that argument. Gotcha. Thank you. Okay. Thank you. Thank both counsel. This case is taken under submission. Thank you, Your Honor.